# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DARREL WHARTON,** | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **FISERV CORPORATION,** | : | |
| Defendant. | : | |
| | : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Darrel Wharton ("Plaintiff") brings this action against Defendant Fiserv Corporation ("Fiserv" or "Defendant") for violations of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

## I.     INTRODUCTION

1. Plaintiff, a longtime sufferer of major anxiety and depression, sought a modest remote-work accommodation that would have allowed him to perform his job duties without exacerbating his condition.

2. Instead of engaging in the interactive process or granting the request, Fiserv denied the accommodation on October 3, 2024 and terminated Plaintiff six days later. These acts constitute disability discrimination, failure to accommodate, and retaliation in violation of the ADA and NJLAD.

## II.     JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiff's claims arise under the ADA.

1

4. The Court has supplemental jurisdiction over the NJLAD claims under 28 U.S.C. §1367(a).

5. Venue lies in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in New Jersey, and Defendant maintains a place of business at 100 Connell Drive, Berkeley Heights, New Jersey 07922.

### III. PARTIES

6. Plaintiff Darrel Wharton is an adult individual residing in Newark, New Jersey.

7. Defendant Fiserv Corporation is a corporation headquartered at 600 North Vel R. Phillips Avenue, Milwaukee, Wisconsin 53203, and at all relevant times operated offices in New Jersey, including the Berkeley Heights location referenced above.

8. Fiserv is an "employer" within the meaning of the ADA because it employed well over fifteen employees during the relevant period.

### IV. ADMINISTRATIVE EXHAUSTION

9. On February 6, 2025, Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights ("DCR").

10. The EEOC issued a Notice of Right to Sue dated April 24, 2025, and this action is filed within 90 days of receipt of that notice.

11. Plaintiff has satisfied all other conditions precedent to the maintenance of this suit.

### V. FACTUAL ALLEGATIONS

12. Fiserv hired Plaintiff as a Senior Project Manager on or about February 11, 2022.

13. Plaintiff performed his duties satisfactorily and consistently met or exceeded expectations.

14. Plaintiff suffers from major anxiety and depression, medical impairments that substantially limit one or more of his major life activities and render him a person with a disability under the ADA and NJLAD.

15. On or about February 28, 2024, Plaintiff commenced a medical leave necessitated by his disabilities, with an anticipated return-to-work date of March 2, 2025.

16. During his leave, in September 2024, Plaintiff requested a reasonable accommodation: to work onsite one day per week and remotely the remaining four days, a schedule that had proven effective in managing his symptoms.

17. Plaintiff provided all medical documentation Fiserv requested and stood ready to discuss alternative solutions.

18. On October 3, 2024, Senior Human Resources Manager Kelly Probst denied the accommodation without proposing any alternatives or engaging in the required interactive process.

19. On October 9, 2024 (six days after the denial and months before Plaintiff's scheduled return-to-work date) Fiserv terminated Plaintiff's employment.

20. The timing and circumstances of the termination demonstrate a direct causal link between Plaintiff's accommodation request and his discharge.

21. Fiserv's actions caused Plaintiff substantial wage loss, loss of benefits, emotional distress, and other damages.

### COUNT I - ADA
**(Disability Discrimination; Failure to Accommodate; Retaliation)**
<u>Plaintiff v. Defendant</u>

22. Plaintiff incorporates by reference paragraphs 1-21.

23. Plaintiff is a qualified individual with a disability under the ADA.

24. Plaintiff's request to work remotely four days per week was a reasonable accommodation that would not have imposed an undue hardship on Fiserv.

25. Fiserv failed to provide the accommodation and refused to participate in the interactive process.

26. Fiserv also discriminated against Plaintiff by terminating him because of his disability and/or his accommodation request.

27. Fiserv retaliated against Plaintiff for requesting reasonable accommodations.

28. As a direct and proximate result, Plaintiff suffered the damages described above.

## COUNT II - NJLAD
### (Disability Discrimination; Failure to Accommodate; Retaliation)
### Plaintiff v. Defendant

29. Plaintiff incorporates by reference paragraphs 1-28.

30. Plaintiff is a qualified individual with a disability under the NJLAD.

31. Plaintiff's request to work remotely four days per week was a reasonable accommodation that would not have imposed an undue hardship on Fiserv.

32. Fiserv failed to provide the accommodation and refused to participate in the interactive process.

33. Fiserv also discriminated against Plaintiff by terminating his employment because of his disability and/or his accommodation request.

34. Fiserv retaliated against Plaintiff for requesting reasonable accommodations.

35. As a direct and proximate result, Plaintiff suffered the damages described above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and award:

a. Reinstatement or, in the alternative, front pay;

b. Back pay, lost benefits, and prejudgment interest;

c. Compensatory damages for emotional distress, humiliation, and mental anguish;

d. Punitive damages under the NJLAD;

e. Reasonable attorneys' fees and costs, including expert costs;

f. Any other equitable or legal relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**THE GOLD LAW FIRM, P.C.**

By: /s/ Brian C. Farrell
Brian C. Farrell, Esquire
N.J. I.D. No.: 129622014
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
bfarrell@discrimlaw.net
Attorney for Plaintiff, Darrel Wharton

Date: July 22, 2025